IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 22-86 |
| v. | ) | **[UNDER SEAL]** |
| | ) | |
| CHARLES HUNTER HOBSON | ) | |

**FILED**

MAR 29 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, through undersigned counsel, and

submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a seven-count Indictment against the above-named

defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit an Offense Against the United States<br>Late 2016 to early 2020 | 18 U.S.C. § 371 |
| 2-3 | Foreign Corrupt Practices Act<br>April 20, 2017; August 10, 2017 | 15 U.S.C. § 78dd-2; 18 U.S.C. § 2 |
| 4 | Conspiracy to Commit Money Laundering<br>Late 2016 to early 2020 | 18 U.S.C. § 1956(h) |
| 5-6 | Money Laundering<br>April 20, 2017; August 31, 2017 | 18 U.S.C. §§ 1956(a)(2)(A), 2 |
| 7 | Conspiracy to Commit Wire Fraud<br>Late 2016 to mid-2019 | 18 U.S.C. § 1349 |

## II. <u>ELEMENTS OF THE OFFENSES</u>

**A.     As to Count 1**:

In order for the crime of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That two or more persons agreed to commit offenses against the United States, as charged in the Indictment;

2.     That the defendant was a party to or member of that agreement;

3.     That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4.     That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Counts 2-3:**

In order to establish a violation of the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-2 and 18 U.S.C. § 2, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant was an agent of a domestic concern;

2.     That the defendant acted corruptly and willfully;

3.      That the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under the Foreign Corrupt Practices Act;

4.      That the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

5.      That the offer, payment, promise to pay, or authorized payment was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

6.      That the payment was for one of four purposes: (i) to influence any act or decision of the foreign official in his or her official capacity, (ii) to induce the foreign official to do or omit to do any act in violation of that official's lawful duty, (iii) to induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, or (iv) to secure any improper advantage; and

7.      That the payment was made to assist a domestic concern in obtaining or retaining business for or with, or directing business to, any person.

15 U.S.C. § 78dd-2.

**C.      As to Count 4:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people;

2.      That the defendant knew the purpose of the conspiracy; and

3.      That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("[C]onviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**D.      As to Counts 5 and 6:**

In order for the crime of Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant knowingly transported, transmitted, or transferred, or attempted to transport, transmit, or transfer, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

2.      That the defendant acted with the intent to promote the carrying on of a specified unlawful activity.

> 18 U.S.C. § 1956(a)(2)(A); Eleventh Circuit Model Criminal Jury Instruction 074.3.

**E.      As to Count 7:**

In order for the crime of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1343, as described in the Indictment, was formed, reached, or entered into by two or more persons; and

2.      At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement); see Whitfield v. United States, 125 S. Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

### III. PENALTIES

**A.      As to Count 1: Conspiracy to Commit an Offense Against the United States (18 U.S.C. § 371):**

1.      A term of imprisonment of not more than five (5) years.

2.      A fine not more than the greater of

(a)      $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3.      A term of supervised release of not more than three (3) years.

**B.      As to Counts 2 and 3: Foreign Corruption Practices Act (15 U.S.C. § 78dd-2; 18 U.S.C. § 2):**

1.      A term of imprisonment of not more than five (5) years.

2.      A fine not more than the greater of

(a)      $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

   3. A term of supervised release of not more than three (3) years.

  **C.** **As to Count 4: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

   1. A term of imprisonment of not more than twenty (20) years.

   2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

   3. A term of supervised release of not more than three (3) years.

  **D.** **As to Counts 5 and 6: Money Laundering (18 U.S.C. §§ 1956(a)(2)(A) and 2):**

   1. A term of imprisonment of not more than twenty (20) years.

   2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

   3. A term of supervised release of not more than three (3) years.

  **E.** **As to Count 7: Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349):**

   1. A term of imprisonment of not more than twenty (20) years.

   2. A fine not more than the greater of

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

     or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3.      A term of supervised release of not more than three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to Count 7, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

/s/ Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382

JOSEPH BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

/s/ Leila E. Babaeva
LEILA E. BABAEVA
NATASHA KANERVA
Trial Attorneys
Fraud Section