IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 2:22-CR-86 |
| | ) |
| CHARLES HUNTER HOBSON | ) |

**GOVERNMENT'S MOTION *IN LIMINE* FOR AN ORDER ON THE AUTHENTICITY AND ADMISSIBLITY OF SELF-AUTHENTICATING RECORDS**

The United States of America, by and through undersigned counsel, moves this Court *in limine* for a pre-trial ruling pursuant to Federal Rule of Evidence 902, that the following categories of records are self-authenticating and admissible: 1) bank and financial records lawfully obtained pursuant to Grand Jury subpoena; 2) emails and documents obtained via search warrant; and 3) forensic extractions of certain electronic devices (cellular phones).

As described below, Defendant, through his counsel, has expressed his unwillingness to agree to "any stipulations." In light of the Defendant's position, the Government respectfully seeks a pre-trial ruling consistent with the Federal Rules of Evidence, regarding documents that are self-authenticating under Rule 902.[1]

The records are supported by custodian certifications, attached here as Exhibits A - C.[2]

**I.   Background**

At trial, the Government intends to introduce certain business records, namely bank and financial records lawfully obtained pursuant to Grand Jury Subpoena, emails obtained via duly

---

[1]   For the avoidance of doubt, the Government respectfully submits this motion to request pre-trial rulings on authenticity and admissibility regarding certain self-authenticating documents. This motion does not seek to preclude the defense from objecting to the admission of any exhibits under Fed. R. Evid. 401, 402, or 403, or to address the admissibility of hearsay statements within otherwise admissible exhibits.

[2]   The certifications have been produced to Defendant and bear proposed GX numbers in anticipation of trial.

1

executed search warrants, and various messages, photos, and documents that were extracted from three cellular phones used by Defendant or his co-conspirator, Mr. Frederick Cushmore, Jr., in furtherance of the alleged conspiracy.[3]

The Government initiated discussions with defense counsel regarding potential joint stipulations on December 10, 2025—well in advance of the Court's January 5, 2026, deadline to exchange proposed stipulations. ECF No. 109. On December 12, 2025, the Government sent Defendant's counsel proposed authenticity stipulations for certain bank account and financial records, as well as the forensic extractions of the above-described cellular phones, all of which had been previously produced to Defendant. On Friday, December 26, 2025, defense counsel responded that their client has instructed them not agree to "any stipulations" in this case.

**II.    Legal Standard**

To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. The burden of proof under Rule 901(a) is slight:

> [T]he showing of authenticity is not on a par with more technical evidentiary rules, such as hearsay exceptions, governing admissibility. Rather, there need be only a prima facie showing, to the court, of authenticity, not a full argument on admissibility. Once a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court. The only requirement is that there has been substantial evidence from which they could infer that the document was authentic.

*Link v. Mercedes–Benz of North America,* 788 F.2d 918, 928 (3d Cir.1986).

---

[3]   Mr. Cushmore's two cellular phones were imaged by Mr. Indraneel Kulkarni of T&M USA, LLC, at the direction of Corsa Coal Corporation ("Corsa") in September 2020 during Corsa's internal investigation. Defendant Hobson voluntarily provided his cellular phone to the Federal Bureau of Investigation, and it was imaged by then-Special Agent Stephen McFall in May 2021.

Certain types of evidence, however, are "self-authenticating," and therefore, "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. For example, under Rule 902(11), certified domestic records of regularly conducted activity, such as bank records, are self-authenticating if "they meet the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or other qualified person that complies with federal statute or rule prescribed by the Supreme Court." Similarly, under Rule 902(13), "a record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)" is self-authenticating. Finally, under Rule 902(14), "[d]ata copied from an electronic device, storage medium or file" is "self-authenticating" if it was "authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)."

Courts across the country have held that evidence extracted from digital sources, such as cellular phones, can be self-authenticating, provided the government adheres to the procedures set forth in Federal Rules of Evidence 902(13) and/or 902(14). *See United States v. Dunnican*, 961 F.3d 859, 871–72 (6th Cir. 2020) (evidence extracted from cellular phone is self-authenticating under Rule 902(14)); *United States v. Nishida*, No. 20-10238, 2021 WL 3140331, at *2 (9th Cir. July 26, 2021) (same); *United States v. Anderson*, 563 F. Supp. 3d 691, 695-96 (E.D. Mich. 2021) (same); *United States v. Palmer*, No. 7:24-CR-00067-NSR-2, 2025 WL 2978633, at *10 (S.D.N.Y. Oct. 21, 2025) (same); *United States v. Terranova*, No. 23-CR-516 (KAM), 2024 WL 4295508, at *13 (E.D.N.Y. Sept. 26, 2024) (same).

The Supreme Court has held that admitting business records that have been authenticated by affidavit or certificate does not violate a defendant's Sixth Amendment right to confrontation.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Court noted that business records admitted pursuant to an evidentiary hearsay exception are not testimonial and therefore do not raise any Confrontation Clause issues. *Id*. at 56. That also applies to using appropriate certifications to authenticate and admit electronic data, such as extractions of electronic devices like cellular phones. *See United States v. Anderson*, 563 F. Supp. 3d 691, 695-96 (E.D. Mich. 2021); *United States v. Carter*, No. 21CR681010203NSR, 2024 WL 268248, at *3 (S.D.N.Y. Jan. 24, 2024).

### III.   The Court Should Permit Authentication and Admission of the Records Based on Custodian Certifications

Based on the authority outlined above, the Government respectfully requests a pre-trial ruling that the following categories of documents are authentic and admissible in accordance with Fed. R. Evid. 902:

1) bank and financial records obtained pursuant to Grand Jury subpoena (certifications attached as Exhibit A)

2) emails and documents obtained via search warrant (certification attached as Exhibit B)

3) forensic extractions of certain cellular phones (certifications attached as Exhibit C).

All of the bank and financial records are accompanied by certifications confirming that they are true and accurate copies of the evidence and are admissible as records of regularly conducted activity under Rule 803(6). The Government has produced the underlying records and corresponding certifications to the Defendant in satisfaction of the Rule 902(11) requirement of "making the record and certification available for inspection." The Government also satisfied the notice requirement of Rule 902(11) by emailing defense counsel regarding its intention to rely on certifications to authenticate certain exhibits and by filing the present motion *in limine*. *See United States v. King*, Case No. 21-cr-184, 2022 WL 2343316 at *5 (W.D. Pa. June 29, 2022) ("the United States has provided notice of its intention by filing its written motion and the certifications").

4

With respect to the records produced by Google LLC in response to a search warrant, the Government has produced to Defendant the entire search warrant return as well as the accompanying certification confirming: 1) the record custodian's qualifications; 2) the hash values corresponding to each file produced; 3) that the record reflects data recorded automatically and maintained as part of regularly conducted activity; and 4) that the record is an accurate and duplicate of the original records. These certifications satisfy the requirements of Rules 902(13) and (14).

Finally, regarding the three cellular phones, the Government's forensic copies were created using industry-standard forensic software, Cellebrite, and the Government has produced to Defendant the entirety of the forensic extractions as well as the accompanying certifications confirming: 1) the examiner's qualifications,[4] 2) the forensic process used to extract and copy the data; 3) the generation and verification of hash values; and 4) that the forensic image is an accurate and duplicate of the original device. These certifications satisfy the requirements of Rules 902(13) and (14).

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion *in limine* and the Government should be permitted to authenticate and offer as evidence self-authenticating documents, including content from the cellular phone extractions by certification, without the need for live testimony. This would streamline the presentation of evidence at trial, eliminate unnecessary persons from the courtroom, and shorten the amount of time that jurors will need to sit for trial, thereby promoting judicial efficiency.

---

[4] In addition to the contents of the respective certificate of authenticity, on January 22, 2025, the Government provided expert disclosures for each forensic examiner to Defendant, including a *curricula vitae* for each and a summary of their anticipated testimony as to the device extraction process.

      Respectfully submitted,

      TROY RIVETTI
      FIRST ASSISTANT UNITED STATES ATTORNEY

      *s/ Nicole A. Stockey*
      Nicole A. Stockey
      Assistant United States Attorney
      PA ID No. 306955

      LORINDA LARYEA
      ACTING CHIEF, CRIMINAL DIVISION
      FRAUD SECTION

      *s/ Natalie R. Kanerva*
      Natalie R. Kanerva
      NY ID No. 5134952
      Ligia Markman
      DC ID No. 997430
      Trial Attorneys
      U.S. Department of Justice
      Criminal Division, Fraud Section
      1400 New York Avenue, NW
      Washington, DC 20005