IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:22-CR-86 |
| | ) | |
| CHARLES HUNTER HOBSON | ) | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE PREVALENCE OF CORRUPTION [DOC. 123]**

COMES NOW the Defendant, Charles Hunter Hobson, by and through undersigned counsel, and responds in opposition to the Government's Motion in Limine to Preclude Evidence and Argument Regarding the Prevalence of Corruption [Doc. 123] as follows:

The Government moves the Court to "preclude the Defendant from introducing evidence or argument at trial regarding the prevalence of corruption in Egypt, and that the Defendant's conduct should therefore be excused." Mot. in Limine at 5. The Government asserts that such an argument would amount to an "everyone is doing it" defense and would encourage jury nullification. These arguments are without merit, and the Government's Motion in Limine should be denied.

To be clear, Defendant does not intend to offer any argument regarding jury nullification; any order concerning jury nullification is unnecessary. Defendant should, however, be permitted to present evidence regarding whether such payments are a custom and practice in Egypt for non-jury nullification purposes. Such evidence and testimony are directly relevant to the FCPA anti-bribery and conspiracy charges alleged in the Indictment, not as an "everyone is doing it" defense, but rather in response to the Government's burden to prove beyond a reasonable doubt that the alleged payment at issue was not a facilitation payment. See 15 U.S.C. § 78dd-1(b).

Facilitation payments are payments for the purpose of expediting or securing "the performance of a routine governmental action by a foreign official…," 15 U.S.C. § 78dd-1(b), and routine governmental action is "an action which is ordinarily and commonly performed by a foreign official," in, among other things, "obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country…" 15 U.S.C. § 78dd-1(f)(3)(A). The regular custom in Egypt goes to whether the payment allegedly authorized was a lawful facilitation payment – i.e., a payment intended to expedite or secure a permit through routine governmental action. Stated another way, the custom and practice in Egypt is directly relevant to whether the alleged payment at issue falls within the facilitating payments exception to the FCPA's antibribery prohibition.

The custom and practice in Egypt is also directly relevant to evidence the Government intends to offer at trial. For example, the Government has disclosed that it intends to offer expert witness testimony regarding Egyptian bribery and corruption laws. If the custom or practice of bribery in Egypt were irrelevant to the material issues at trial, the Government would presumably lack any valid basis to proffer such testimony. See Fed. R. Evid. 702(a) (explaining that a witness qualified as an expert may testify in the form of an opinion if the expert's specialized knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue").

The cases cited in the Government's motion are inapplicable here. The customs and practices raised by the defendants in those cases were intended to support an "everyone is doing it" defense or to encourage the jury to find the defendant not guilty because many others had committed the same violations. Defendant does not intend to advance these or similar arguments in this case, and the Government is free to raise a contemporaneous objection at trial if it believes Defendant is doing so.

The Government also argues that, even if the custom or practice in Egypt has probative value, evidence or argument pertaining to industry practice would "create a significant risk of jury confusion and unfair prejudice." Mot. in Limine at 3. That risk is not present here, and, moreover, such evidence has high probative value for the jury in understanding and deciding whether the Government has proven beyond a reasonable doubt that the alleged payment at issue was not a facilitation payment. Given what the Government must prove, and that this is not an "everyone is doing it" defense, there is no risk of confusion, and the cases cited by the Government are inapposite.

For the foregoing reasons, Defendant should be permitted to present evidence and testimony regarding the custom and practice in Egypt. The Government's Motion in Limine [Doc. 123] should be denied.

Respectfully submitted this 20th day of January, 2026.

s/ Richard Gaines
Richard L. Gaines
BPR No. 015462
625 Market St., Ste. 900
Knoxville, TN 37902
865/201-1736
RichardLGaines@gmail.com

s/ James H. Price
James H. Price
BPR No. 016254
Lacy, Price & Wagner P.C.
249 N. Peters Rd., Ste. 101
Knoxville, TN 37923
865/246-0800 (o)
865/567-3039 (c)
865/690-8199 (f)
jprice@lpwpc.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically on January 20, 2026, with the Clerk of Court by using the CM/ECF System, which will send notice of electronic filing to all counsel of record.

                                            s/ Richard Gaines
                                            s/ James H. Price
                                            Counsel for Defendant

Natalie Kanerva
DOJ-Crm
1400 New York Avenue NW
Washington, DC 20005
202-674-6617
Email: natalie.kanerva@usdoj.gov

Nicole A. Stockey
DOJ-USAO
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412-894-7431
nicole.stockey@usdoj.gov

Ligia Markman
DOJ-Crm
1400 New York Avenue NW
Washington, DC 20530
202-514-0095
ligia.markman@usdoj.gov

William Edward Schurmann
DOJ-Crm
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20530
202-616-0829
william.schurmann2@usdoj.gov