IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:22-CR-86 |
| | ) | |
| CHARLES HUNTER HOBSON | ) | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER ON THE AUTHENTICITY AND ADMISSIBILITY OF SELF-AUTHENTICATING RECORDS [DOC. 125]**

COMES NOW the Defendant, Charles Hunter Hobson, by and through undersigned counsel, and responds in opposition to the Government's Motion in Limine for an Order on the Authenticity and Admissibility of Self-Authenticating Records [Doc. 125] as follows:

The Government seeks to summarily authenticate and admit various exhibits, including bank and financial records, emails and documents obtained via search warrant, and forensic extractions of cellular phones, prior to trial by offering boilerplate certifications that merely parrot the text of the business records exception to the rule against hearsay. The Government's certifications supporting its motion are insufficient to establish the foundation necessary for these exhibits to be admitted into evidence at trial as business records, without the testimony of a records custodian. The Government's Motion in Limine should be denied.

Fed. R. Evid. 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis," is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness," if:

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a

statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). A certification of a custodian or other qualified person offered in lieu of in-person witness testimony must show that the records at issue meet the requirements of Rule 803(6)(A)-(C). See Fed. R. Evid. 902(11).

First, the Government offers the affidavits or unsworn declarations of Cherryl Sapp (Huntington National Bank), LeeAnne Lee (Pinnacle Bank), William Mackintosh (Western Union Financial Services Inc.), Robert Amenta (Federal Reserve Bank of New York), and Tracy Jeroutek (First Horizon Bank) in an attempt to certify the requirements of Rule 803(6)(A)-(C) for financial records obtained via grand jury subpoena. All of these affidavits/declarations are merely form documents (some of which are preprinted, leaving a blank space to insert the name of the custodian and a description of the records) that offer no specifics regarding the documents at issue or how they satisfy the requirements of the business records exception. Documents are not admissible under Rule 803(6) where the Rule 902(11) certification merely tracks the language of the business records exception. See United States v. Browne, 602 F. Supp. 3d 687, 695 (D.N.J. 2022); Wi-Lan Inc. v. Sharp Elec. Corp., 362 F. Supp. 3d 226, 232 (D. Del. 2019). For this reason alone, all five certifications should be rejected. In addition, the affidavits of LeeAnne Lee (Pinnacle Bank) fail to satisfy Rule 902(11) because they only address the requirements of Rule 803(6)(A) and ignore the requirements of Rule 803(6)(B) and 803(6)(C). Finally, the certification of Robert Amenta (Federal Reserve Bank of New York) fails to comply with Rule 902(11) because the certification is neither sworn nor certified under penalty of perjury under 28 U.S.C. § 1746.

Second, the Government offers the unsworn declaration of Brandon Swartz, records custodian of Google LLC, to certify emails and documents obtained via search warrant. Again,

2

this declaration simply parrots the requirements of Rule 803(6), does not even identify the emails and other documents the Government seeks to authenticate, and offers no detail regarding the records at issue or how they satisfy the requirements of the business records exception. The certification also claims that a list of hash values corresponding to each file produced in response to the search warrant is attached as Attachment A to the declaration; however, no such information is attached. Moreover, the certification improperly purports to authenticate documents which did not originate with Google LLC and were instead created by third parties. See Neelon v. Krueger, No. 12-cv-11198, 2015 WL 13677813, at *4 (D. Mass. Sept. 8, 2015) (holding that documents attached to emails and maintained in the recipient's records were not the recipient's "business records" because while such documents "may be part of the business records of [a party] … in a colloquial sense, that does not render admissible information contained in the records whose source is a non-party to the business" and does not "report to the recordkeeper … as part of a regular business routine").

Third, the Government offers the unsworn declarations of Indraneel Kulkarni (T&M USA, LLC) and Stephen D. McFall (FBI) pursuant to Fed. R. Evid. 902(14) in an attempt to authenticate forensic extractions of cellular phones. Any certification used pursuant to Fed. R. Evid. 902(14) must authenticate the records at issue "by a process of digital identification" and must also comply with the certification requirements of Rule 902(11) or (12). Here, the unsworn declarations of Mr. Kulkarni and Mr. McFall do not adequately describe the digital identification process utilized and fail to comply with the requirements of Rule 902(11) because neither declaration addresses the requirements of Rule 803(6) or how those requirements have been satisfied.

For the foregoing reasons, the Government's records custodian certifications lack the necessary foundation, offer no supporting information other than simply parroting the rule

requirements, and fail to comply with the applicable evidence rules. The Government's Motion in Limine [Doc. 125] should be denied.

Respectfully submitted this 20th day of January, 2026.

s/ Richard Gaines
Richard L. Gaines
BPR No. 015462
625 Market St., Ste. 900
Knoxville, TN 37902
865/201-1736
RichardLGaines@gmail.com

s/ James H. Price
James H. Price
BPR No. 016254
Lacy, Price & Wagner P.C.
249 N. Peters Rd., Ste. 101
Knoxville, TN 37923
865/246-0800 (o)
865/567-3039 (c)
865/690-8199 (f)
jprice@lpwpc.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on January 20, 2026, with the Clerk of Court by using the CM/ECF System, which will send notice of electronic filing to all counsel of record.

s/ Richard Gaines
s/ James H. Price
Counsel for Defendant

Natalie Kanerva
DOJ-Crm
1400 New York Avenue NW
Washington, DC 20005
202-674-6617
Email: natalie.kanerva@usdoj.gov

Nicole A. Stockey
DOJ-USAO
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412-894-7431
nicole.stockey@usdoj.gov

Ligia Markman
DOJ-Crm
1400 New York Avenue NW
Washington, DC 20530
202-514-0095
ligia.markman@usdoj.gov

William Edward Schurmann
DOJ-Crm
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20530
202-616-0829
william.schurmann2@usdoj.gov