IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                       ) | Criminal No. 22-86 |
| ) | |
| ) | Judge Robert J. Colville |
| CHARLES HUNTER HOBSON,       ) | |

**ORDER OF COURT**

AND NOW, this 4th day of February, 2026, following a Final Pretrial Conference in this matter on today's date, and consistent with the Court's statements and rulings on motions, requests, and arguments raised by the parties during the Conference, it is hereby ORDERED as follows:

1) The Government's Supplemental Motion at ECF No. 161 is granted for the reasons discussed on the record.

2) The Court hereby grants the Government's request to utilize a demonstrative PowerPoint presentation during Professor Mohamed A. Arafa's testimony.

3) The Defense's multi-layered objection to the potential introduction of WhatsApp and SMS messages on the bases of authentication, hearsay, confrontation clause concerns, prejudice, and relevance is hereby overruled in part, deferred in part, and taken under advisement in part.  Defendant's objection as to authentication is overruled at this juncture as the Court has already ruled on the issue in granting the Government's Motion at ECF No. 125. Further, the Government has represented that it intends to introduce further authentication evidence at trial.  Defendant's overbroad and general relevance and prejudice objection to all of the messages is overruled.  Defendant may raise specific relevance/prejudice objections as to particular exhibits during trial, and the Court will consider the issue of the

relevance of the particular evidence at that time. As to whether the messages constitute hearsay and whether a hearsay exception applies to a particular message, the Court defers this issue at this time. Because the Government has represented that it does not intend to introduce any of these messages prior to establishing the existence of a conspiracy by a preponderance of the evidence, the Court will not consider any hearsay exception or rule on any hearsay objection related to these messages until it has made a finding regarding the existence of a conspiracy. The issue of confrontation clause concerns is taken under advisement pending further briefing from the parties.

4) The Court hereby denies the Government's request to utilize "streamlined" versions of Cellebrite WhatsApp and SMS messages should those messages be presented to the Jury.

5) The Government's request for the preclusion of Defense Exhibit C is hereby granted. The Court agrees with the Government's arguments that the document is irrelevant evidence of the Government's charging and resolution decisions, and that it further constitutes inadmissible hearsay. The document will not be admitted into evidence in the absence of further order of court.

6) As discussed during the Pretrial Conference, the issues of the use or admissibility of Defendant's proffered protected statements and the admissibility of Defense Exhibit B are taken under advisement pending briefing and an opportunity for counsel to confer and advise the Court of the status of their discussions and positions.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

cc: All counsel of record